UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Adrianna Beckler, | Case No. 21-cv-2680 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Rent Recovery Solutions, LLC, | |
| Defendant. | |

This matter is before the Court on Plaintiff Adrianna Beckler's motion for attorneys' fees. (Dkt. 29.) For the reasons addressed below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Adrianna Beckler is a resident of Minnesota. Defendant Rent Recovery Solutions, LLC (RRS) is a debt collection agency that specializes in collecting debts allegedly owed to residential landlords. In or around May 2021, RRS contacted Beckler in an attempt to collect a $900 debt that Beckler allegedly owed a former landlord. Beckler told RRS that she disputed the alleged debt and requested written documentation to support RRS's claim. RRS did not contact Beckler thereafter, nor did RRS send Beckler any written notice about the debt or the written documentation that she had requested. Subsequently, in June 2021, RRS reported Beckler's alleged debt to a credit reporting agency.

Beckler commenced this action on December 15, 2021, alleging that RRS's debt-collection attempts violated provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* Beckler sought actual damages in an amount to be determined, $1,000 in statutory damages and an award of costs and reasonable attorneys' fees.

On or about May 10, 2022, RRS served on Beckler's attorneys an offer of judgment pursuant to Federal Rule of Civil Procedure 68, offering to resolve this matter for $2,000 plus Beckler's reasonable attorneys' fees and costs. On or about May 24, 2022, Beckler accepted RRS's offer of judgment. One week later, on June 1, 2022, Beckler notified RRS as to the amount of her requested attorneys' fees. RRS requested copies of detailed billing records to support Beckler's request, which Beckler's attorneys provided. RRS did not respond to Beckler's request.

Beckler filed the pending motion for attorneys' fees on June 9, 2022. Beckler moves for an award of $18,810 in attorneys' fees. RRS opposes Beckler's request, arguing that the requested amount should be reduced to $1,944.

## ANALYSIS

Beckler moves for an award of reasonable attorneys' fees and costs based on her status as the prevailing party in this case.

A plaintiff in "any successful action" against a debt collector to enforce the requirements of the FDCPA may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). "[T]he FDCPA's fee-shifting provision is mandatory." *Alberts v. Nash Finch Co.*, 245 F.R.D.

399, 410 (D. Minn. 2007) (collecting cases).  A plaintiff who accepts a Rule 68 offer of judgment may recover costs and attorneys' fees under the FDCPA's fee-shifting provision, including attorneys' fees the plaintiff "accrued in deciding whether to accept a Rule 68 offer," as long as those fees "are reasonable."  *Zortman v. J.C. Christensen & Assocs., Inc.*, 870 F. Supp. 2d 694, 697 (D. Minn. 2012).

A district court has substantial discretion when determining the reasonableness of attorneys' fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084–85 (8th Cir. 2000).  Courts employ the lodestar method when determining the reasonable amount of attorneys' fees.  *Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563–64 (1986).  Under this method, the lodestar amount is presumed to be the reasonable fee to which counsel is entitled.  *Id.* at 564; *McDonald v. Armontrout*, 860 F.2d 1456, 1458 (8th Cir. 1988).  To calculate the lodestar amount, a district court multiplies the number of hours reasonably expended by a reasonable hourly rate, *Hensley*, 461 U.S. at 433, which must be "in line with [the] prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  The party seeking an attorneys' fees award has the burden to establish entitlement to an award with documentation that addresses the nature of the work, the appropriateness of the hourly rates and the hours expended.  *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley*, 461 U.S. at 437).  The Court addresses, in turn, the reasonableness of Beckler's claimed hourly rates and the number of hours expended.

I.     **Hourly Rates**

Beckler seeks attorneys' fees for work performed by two attorneys: Darren B. Schwiebert, at an hourly rate of $450; and John Butha, at an hourly rate of $300. Beckler also seeks fees for work performed by one paralegal, Mary Vrieze, at an hourly rate of $100. RRS argues that Schwiebert's and Butha's hourly rates should be reduced to $300 and $175, respectively. RRS does not challenge Vrieze's hourly rate.

The party seeking attorneys' fees must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11. But a district court also may rely on its experience and knowledge of prevailing market rates to determine whether the claimed hourly rate is reasonable. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). A reasonable fee is "one that is adequate to attract competent counsel, but . . . [that does] not produce windfalls to attorneys." *McDonald*, 860 F.2d at 1458 (alteration in original) (quoting *Blum*, 465 U.S. at 897). The "skill, experience, and reputation of counsel are key factors bearing on a rate's reasonableness." *Id.* at 1459.

In support of the reasonableness of Schwiebert's $450 hourly rate, Beckler relies on Schwiebert's declaration, billing statements and curriculum vitae. This evidence reflects that Schwiebert has been admitted to practice law in Minnesota for nearly 30 years and has litigation experience in both state court and federal court, including dozens

4

of FDCPA cases.[1]  In support of the reasonableness of Butha's $300 hourly rate, Beckler relies on Butha's declaration, billing statements and curriculum vitae.  This evidence reflects that Butha has practiced law for more than 10 years in both state and federal court in Minnesota, New York and other states.  Judges in this District have approved hourly rates similar to Schwiebert's $450 rate and Butha's $300 rate in other FDCPA cases. *See, e.g.*, *Wiley v. Portfolio Recovery Assocs., LLC*, 594 F. Supp. 3d 1127, 1146 (D. Minn. 2022) (concluding that hourly rates of $400 and $450 were reasonable in an FDCPA matter and collecting cases approving hourly rates ranging from $350 to $450); *Nathanson v. Diversified Adjustment Serv., Inc.*, No. 18-CV-3102 (PJS/ECW), 2019 WL 4387960, at *4 (D. Minn. Sept. 13, 2019) (collecting cases approving hourly rates ranging from $220 to $400).  The Court has considered these facts along with the Court's experience and knowledge of prevailing market rates, which are consistent with the hourly rates claimed by Schwiebert and Butha.

RRS argues that Schwiebert's hourly rate should be reduced to $300 because his experience with FDCPA and consumer cases accounts for only a portion of his nearly 30 years' experience.  And RRS argues that Butha's hourly rate should be reduced to $175 because his FCPA experience is limited and, according to RRS, Butha should not have participated in this case at all.  But aside from these general criticisms, RRS offers nothing specific to counter or undermine Beckler's evidence and arguments.  For instance, RRS does not meaningfully distinguish the cases approving hourly rates similar

---

[1]   Beckler also purports to rely on the declaration of attorney David P. Swenson.  But because no such declaration has been filed in this case, the Court will not consider it.

to Schwiebert's and Butha's hourly rates, challenge the accuracy or credibility of the declarations and exhibits pertaining to counsel's experience or present counter-evidence or case law demonstrating that a lower hourly billing rate is more reasonable in this case. And many of RRS's arguments pertain to the reasonableness of the hours expended as opposed the reasonableness of the claimed hourly rates.[2] RRS's challenges to Schwiebert's and Butha's hourly rates, therefore, are unavailing.

For these reasons, the Court concludes that the claimed hourly rates are reasonable and consistent with the rates in this community for similar services by lawyers of comparable experience.

## II.     Hours Expended

Beckler seeks $18,810 in attorneys' fees for 50.75 hours of work performed in this case. This comprises 25.9 hours of work performed by attorney Schwiebert, 23.35 hours of work performed by attorney Butha, and 1.5 hours of work performed by paralegal Vrieze. As RRS does not challenge the 1.5 hours of paralegal work performed, the Court's analysis focuses on the 49.25 hours of work performed by Schwiebert and Butha.

When conducting a lodestar analysis, a district court should exclude "hours that were not reasonably expended." *Hensley*, 461 U.S. at 434 (internal quotation marks omitted). As such, "[c]ounsel for the prevailing party should make a good faith effort to

---

[2]     For example, RRS relies on *Meidal v. Messerli & Kramer, P.A.*, in which the district court awarded attorneys' fees to Schwiebert in an FDCPA case at a reduced hourly rate of $300. No. 18-cv-985 (PAM/BRT), 2018 WL 4489693, at *2 (D. Minn. Sept. 19, 2018). In *Meidal*, the district court reduced the fee award because the case required minimal attorney time and effort. *Id.* This Court concludes that such circumstances are more appropriately accounted for when evaluating the reasonableness of the hours expended.

exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* In addition, because incomplete or imprecise billing records may prevent a district court from meaningfully reviewing a request for excessive, redundant or otherwise unnecessary hours, "[i]nadequate documentation may warrant a reduced fee." *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991). If attorney billing records do not provide sufficient details to precisely eliminate only redundant or otherwise excessive hours expended, a percentage-based reduction in the requested attorneys' fees amount may be appropriate. *See Miller v. Woodharbor Molding & Millworks, Inc.*, 174 F.3d 948, 949–50 (8th Cir. 1999); *accord Orduno v. Pietrzak*, 932 F.3d 710, 720 (8th Cir. 2019) (affirming percentage-based reduction in requested attorneys' fees because the requested amount was excessive). A district court "need not, and indeed should not," scrutinize each billing entry of an attorney who is seeking a fees award, because the "essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

RRS argues that Butha unreasonably billed 2.2 hours of time performing administrative clerical tasks. Although the challenged billing entries contain vague descriptions, most of these billing entries appear to involve minimal time Butha spent reviewing correspondence from the Court pertaining to electronic filings on the Case Management/Electronic Court Files (CM/ECF) system. Such tasks are not necessarily administrative or clerical in nature, and the cumulative 2.2 hours of time Butha spent on such tasks over a six-month period is not excessive. Accordingly, the Court will not reduce counsel's claimed hours on this basis.

RRS also objects to the amount of time counsel spent conducting research. When awarding attorneys' fees, "district courts must be mindful of both redundant and excessive hours." *Orduno*, 932 F.3d at 720 (internal quotation marks omitted). Here, the record reflects that Schwiebert has extensive experience litigating FDCPA cases in federal court, which he relies on to justify his $450 hourly rate. Beckler's 12-page complaint includes one count of minimal legal complexity. Yet the record reflects that Schwiebert conducted 13.7 hours of legal research before filing the complaint. In addition, Butha conducted 3.9 hours of legal research before or shortly after filing the complaint. Counsel's experience, together with the relative simplicity of the single asserted legal claim, suggests that the 17.6 hours of legal research counsel performed, amounting to $7,335 in attorneys' fees, was unreasonably excessive. Accordingly, a reduction of counsel's claimed hours is warranted on this basis.

RRS next argues that Schwiebert and Butha billed excessive time communicating with each other and with their client. The billing records include more than 50 entries that appear to involve email or telephone correspondence between Schwiebert and Butha or between counsel and their client. In some instances, both Schwiebert and Butha billed time for the same communication. Many of these correspondence-related entries are combined with other work, making it impossible to delineate how much time counsel spent conferring as opposed to time spent on other tasks. By isolating only those billing entries that solely pertain to correspondence, the record demonstrates that Schwiebert billed at least 3.4 hours on such communications and Butha billed at least 7.95 hours on such communications, which amounts to at least $3,915 in attorneys' fees. This

expenditure of time is unreasonably excessive in light of the factual simplicity and early settlement of this case. Accordingly, a reduction of counsel's claimed hours is warranted on this basis.

RRS also argues that the overall number of hours Beckler's counsel billed is disproportionate to, among other things, the damages amount involved and results obtained, the novelty and complexity of the case and the time and labor required.

Under the FDCPA, the maximum statutory damages amount that Beckler could recover was $1,000. 15 U.S.C. § 1692k(a)(2)(A). Beckler also sought actual damages and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(1), (3). RRS's Rule 68 offer of judgment in the amount of $2,000 provided Beckler with more than she could have recovered in statutory damages under the FDCPA, plus Beckler's reasonable attorneys' fees and costs. As such, Beckler obtained favorable results. Nonetheless, RRS maintains, the $18,810 in claimed attorneys' fees is disproportionate to Beckler's $2,000 recovery and the complexity of the case.

"In the majority of FDCPA actions filed in this District, a plaintiff notifies an attorney of a technical violation of federal law by a debt collector, the attorney files suit using a cookie-cutter complaint, there is no real dispute about the facts or the law, and the case settles before the debt collector incurs substantial defense costs." *Midwest Disability Initiative v. Nelmatt, LLC*, 344 F. Supp. 3d 1047, 1052 (D. Minn. 2018) (collecting cases). Indeed, Beckler's 12-page complaint asserts few facts and only one legal claim. In similar FDCPA lawsuits, when the plaintiff has prevailed at the pleading stage based on an accepted Rule 68 offer of judgment or default judgment, judges in this

9

District have approved reasonable attorneys' fees based on an expenditure of 22 hours or fewer. *See, e.g.*, *Nathanson*, 2019 WL 4387960, at *4 (approving as reasonable 16.4 hours expended); *Meidal*, 2018 WL 4489693, at *2 (approving as reasonable 16.3 hours expended); *Goetze v. CRA Collections, Inc.*, No. 15-3169 (MJD/FLN), 2017 WL 5891693, at *4 (D. Minn. Nov. 28, 2017) (approving as reasonable 15.2 hours expended); *Kuntz v. Messerli & Kramer P.A.*, No. 16-CV-2676 (JNE/BRT), 2017 WL 3332222, at *2 (D. Minn. Aug. 4, 2017) (approving as reasonable 22 hours expended after reducing claimed hours by 70 percent to eliminate excessive time); *Iverson v. Greystone All., LLC*, No. 14-1027 (ADM/HB), 2015 WL 4635840, at *3 (D. Minn. Aug. 4, 2015) (approving as reasonable 20 hours expended).

As addressed above, counsel expended 49.25 hours in this case. The record reflects that counsel expended 31.1 of these hours before filing the complaint. In addition to the legal research and correspondence addressed above, these 31.1 hours included investigating the facts underlying the complaint and drafting, reviewing and filing the complaint. The record reflects that counsel expended an additional 18.15 hours after filing the complaint. These hours included corresponding with opposing counsel, reviewing RRS's Rule 68 offer of judgment, conferring with Beckler about the Rule 68 offer and reviewing court filings. Although these tasks are not qualitatively unreasonable, the number of hours expended on these tasks is quantitatively unreasonable. Counsel's expenditure of nearly 50 hours in this case is more than double the number of hours approved in analogous FDCPA cases, as addressed above. Moreover, the amount of time counsel expended on correspondence and research is excessive for the reasons the Court

previously addressed. As such, a 50 percent reduction in counsel's claimed hours is warranted.

Accordingly, the Court grants in part Beckler's motion for attorneys' fees. The claimed hours of Schwiebert and Butha, exclusive of paralegal work, are reduced by 50 percent. The Court, therefore, awards Beckler $9,480 in reasonable attorneys' fees.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Adrianna Beckler's motion for attorneys' fees and costs, (Dkt. 29), is **GRANTED IN PART AND DENIED IN PART** as addressed herein.

2. Beckler is awarded reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3), in the following amounts:

    a. $5,827.50 in attorneys' fees to attorney Darren B. Schwiebert;

    b. $3,577.50 in attorneys' fees to attorney John Butha; and

    c. $150.00 in attorneys' fees to paralegal Mary Vrieze.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 15, 2022

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge